IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES BATES,<br>　　　Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF VERMONT<br>MEDICAL CENTER,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 5:20-cv-8 |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, James Bates, by and through his counsel, Barbara R. Blackman, Esq. of Lynn, Lynn, Blackman & Manitsky, P.C., and hereby complains against the Defendant University of Vermont Medical Center as follows:

### PARTIES

1.　James Bates is the Plaintiff in this case and resides in Sunapee, New Hampshire.

2.　The University of Vermont Medical Center ("UVMC") is a healthcare provider and operates a hospital in Burlington, Vermont.

### JURISDICTION AND VENUE

3.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are from different states and the amount in controversy in this case exceeds $75,000.

4.　Venue is appropriate in this district pursuant to 28 U.S.C. § 1391, because UVMC has its principal place of business in Vermont.

### FACTS

5.　On February 3, 2017, while Mr. Bates and his wife were staying at the Essex Resort and Spa in Essex, Vermont, Mr. Bates sustained multiple lacerations to his right foot and ankle when he tripped over a table with wine glasses on it.

6.  Mr. Bates was transported to UVMC by ambulance and was treated in the Emergency Department.

7.  A Physician's Assistant performed a laceration repair to Mr. Bates' right foot with no immediate complications and Mr. Bates was discharged.

8.  Unbeknownst to Mr. Bates, an x-ray of his right foot taken at UVMC showed multiple foreign bodies in his right foot. These foreign bodies were missed during the physical exam of Mr. Bates, during the ultrasound, and during the review of Mr. Bates' x-ray by UVMC. The foreign bodies in Mr. Bates' right foot measured 3mm in length and were lodged in the plantar soft issues of Mr. Bates' right foot.

9.  Mr. Bates endured pain and discomfort in his right foot for several months.

10. By November of 2017, a small bump had developed on the laceration site of Mr. Bates' right foot. The bump was painful and he felt increased pain into his great toe. The pain was so bad that Mr. Bates could not put his shoes on.

11. Soon thereafter, Mr. Bates treated with Dr. Resnick at Concord Orthopedics. An x-ray taken at Concord Orthopedics showed three to four small foreign bodies in the medial midfoot area around the wound site. A subsequent MRI showed several subcutaneous foreign bodies projecting anteromedially at the level of the midfoot, just superficial to the distal anterior tibial tendon. The largest fragment was approximately 12 mm.

12. On January 22, 2018, Dr. Resnick performed a right foot irrigation and debridement. During this procedure, at least two pieces of glass were removed, each measuring 0.6 and 1.4 cm in length, respectively.

13. Cultures taken during the procedure showed that two separate tissue specimens were growing Methicillin-sensitive Staphlococcus aureus or MSSA. Dr. Resnick referred Mr. Bates to Dr. Noble, an infectious disease physician at Concord Hospital.

14. Mr. Bates had developed a deep tissue infection with MSSA, chronic with probable osteomyelitis.

15. On January 25, 2018, a Peripherally Inserted Central Catheter (PICC) line was inserted to administer nafcillin intravenously in order to treat the life-threatening infection. During this time, Mr. Bates was confined to his home.

16. After the PICC line was removed, Mr. Bates underwent physical therapy at Universal Physical Therapy due to right foot drop as well as soreness and stiffness in his foot.

17. Mr. Bates continues to have stiffness in his right foot, occasional pulsing zing when sitting, and some swelling.

## COUNT I – MEDICAL NEGLIGENCE

18. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as fully set herein.

19. UVMC owed a duty of care ordinarily exercised by a reasonably skillful, careful and prudent health care professional engaged in a similar practice under the same or similar circumstances whether or not within the State of Vermont.

20. UVMC either lacked this degree of knowledge or skill or failed to exercise this degree of care.

21. As a direct and proximate result of this lack of knowledge or skill or the failure to exercise this degree of care, Mr. Bates suffered injuries that would not otherwise have occurred.

22. UVMC's medical negligence caused Mr. Bates to suffer damages including pain and suffering, permanency, loss of enjoyment of life, medical expenses, future medical expenses and lost income.

23. The Certificate of Merit, attached as Exhibit 1, certifies that Mr. Bates' Complaint has merit consistent with Title 12 V.S.A. § 1042.

WHEREFORE, Mr. Bates seeks the following relief:

1. Compensatory damages in excess of $75,000;

2. Prejudgment interest;

3. Court costs and his reasonable attorney's fees; and

4. Any other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DATED at Burlington, Vermont this 16th day of January, 2020.

By: _____
Barbara Blackman, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
*Attorneys for Plaintiff*
76 St. Paul Street, Suite 400
Burlington, Vermont 05401
802-860-1500
bblackman@lynnlawvt.com

4